United States District Court
District of Massachusetts

| | |
|---|---|
| Oliveira Martin Moreira, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Grand Circle, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>20-10041-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from an employment dispute between Laura Isabel Oliveira Martins Moreira ("Moreira") and Grand Circle LLC ("Grand Circle"), a world-wide travel agency. Moreira alleges that Grand Circle (1) misclassified her an independent contractor; (2) failed to provide her with a reasonable accommodation for a disability before terminating her employment on the basis of that disability in violation of Mass. Gen. Laws c. 151B, § 4; (3) violated the Massachusetts Earned Sick Time Law, Mass. Gen. Laws. c. 149 § 148C and (4) violated the Portuguese Labor Code.  Grand Circle has moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and based on forum non conveniens.[1]

---

[1] Grand Circle originally moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) as well as Fed R. Civ. P. 12(b)(6)

-1-

I.  **Background**

Grand Circle is a travel agency, headquartered in Boston, Massachusetts, which organizes pre-planned international vacation packages.  In order to market, organize, plan and conduct trips it employs people in various regions and countries in which it operates.  In November, 2015, Moreira was hired by Grand Circle as a "Programme Services Manager" for Portugal and Spain.  Upon being hired, Moreira and Grand Circle entered into an employment Agreement" ("the 2015 Agreement") which provides under a subsection entitled "Governing Law":

> This Agreement shall be construed, interpreted and enforced in accordance with the laws of The Commonwealth of Massachusetts.... any legal action relating to this Agreement will be instituted and prosecuted in the state or federal courts located in Boston, Massachusetts.  Each party hereby waives the right to change venue...

In 2018, Moreira entered into a substantially similar employment agreement which replaced Moreira with an entity she established, Oliveira & Ferro Servicos E Consultoria LDA.  That agreement contained an identical forum selection clause as the 2015 Agreement.

As her career progressed, Moreira was promoted several times culminating in appointment as Vice President for Iberia in December, 2018.  She avers that throughout her employment with

---

but has since acknowledged in its reply brief that Fed. R. Civ. P. 12(b)(6) is the appliable rule.

-2-

Grand Circle she was in routine and continuous contact with the Boston office, including participation in video conferences and telephonic meetings and received instructions from and reported to colleagues and superiors in Boston.  Moreira also states that she traveled to Boston to participate in training and company meetings.  Furthermore, she asserts that the decision to terminate her employment was made by Grand Circle employees located in Boston.

In April, 2019, Moreira was diagnosed with anxiety disorder and depression for which her doctor prescribed medication and recommended she take time off from work.  She subsequently obtained a certificate of temporary incapacity for work from Portuguese health authorities.  On May, 2 2019, Grand Circle allegedly informed her that it would not pay her for any sick time and several days later she was terminated.

## II.  Motion to Dismiss

### A. Legal Standard

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-

conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id. Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)

### B. Plaintiff's Contacts with Massachusetts

Grand Circle maintains the complaint should be dismissed because the plaintiff's claims are based on her work in Portugal pursuant to Portuguese law and this Court should not apply Massachusetts laws exterritorialy. Moreira rejoins that questions about extraterritorial application of Massachusetts law are premature at the motion to dismiss stage when, as here, she has pled sufficient contact with the Commonwealth.

In support, the plaintiff points to a similar case from a different session of this Court, Chan v. Wellington Management Company LLP, in which the court, evaluating a comparable factual

scenario, held that extraterritorial application of the Massachusetts anti-discrimination statute (Mass. Gen. Laws c. 151B ) is not implicated at the motion to dismiss stage when a plaintiff's complaint alleges unlawful conduct occurring, in part, within the Commonwealth's territorial bounds. 424 F. Supp. 3d 148, 151 (D. Mass. 2019).  In that case, the plaintiff, Chan, alleged that (1) her employer was located in Boston; (2) she reported to superiors in Boston; (3) Her duties required travel to Boston and (4) her employer engaged in unlawful discrimination against and orchestrated her firing from Boston.

Similarly, Moreira alleges a number of close contacts with the Boston office.  Specifically, her complaint alleges that (1) she was employed by Grand Circle, located in Boston; (2) she reported to, received instructions from and spent a significant portion of each day communicating with other employees and superiors located in Boston, (3) she was required to travel for work to Boston and (4) Grand Circle's decision to terminate her was made from Boston.

When considering a motion to dismiss the Court accepts allegations set forth in the complaint as true and draws reasonable inferences in favor of the plaintiff. See Twombly, 550 U.S. at 555.  The facts set forth allege unlawful conduct which took place, at least in part, in Massachusetts.  At this stage, therefore, the Court need not address the

extraterritorial application of Massachusetts statutes. See Chan, 424 F. Supp. 3d at 151 (noting that when the complaint alleges that "the unlawful acts occurred, at least partly, in Massachusetts the extraterritorial application of the Commonwealth's anti-discrimination statute is therefore not implicated.").

Moreover, the Court notes that, while defendants maintain that there is a presumption against applying Massachusetts law extraterritorially, the Massachusetts Supreme Judicial Court has explicitly left that question open. Id. at 150 (noting that "the presumption against the extraterritorial application of Massachusetts law, [is] a question which the Supreme Judicial Court has left open.") (citing Taylor v. Eastern Connection Operating, Inc., 465 Mass. 191, 199 n. 9 (2013). At this juncture, the Court need not address that open question or questions surrounding choice of law or conflict of laws.

**C. *Forum Non Conveniens***

**i.   Legal Standard**

Forum non conveniens is a discretionary power "designed to avoid trials in places so inconvenient that transfer is needed to avoid serious unfairness." Howe v. Goldcorp Investments, Ltd., 946 F.2d 944, 950 (1st Cir. 1991). A "plaintiff's choice of forum should rarely be disturbed." Piper Aircraft Co. v.

Reyno, 454 U.S. 235, 241 (1981).    As explained by the First Circuit, the moving party bears a

> heavy burden of establishing that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum.

Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007).

**ii.  Analysis**

As previously noted, both employment agreements signed by plaintiff and defendant contained explicit forum selection clauses whereby the parties agree to litigate any dispute "relating to" the agreement in Boston, Massachusetts.  As plaintiff notes, when evaluating the phrase "relating to" in the context of a forum selection clause Courts construe the phrase broadly. Huffington v. T.C. Grp., LLC, 685 F. Supp. 2d 239, 242 (D. Mass. 2010), aff'd, 637 F.3d 18 (1st Cir. 2011); (noting that "forum selection clauses using embracing language are common and have usually been construed broadly").  Further, as the Supreme Court has observed when evaluating a motion to dismiss on forum non conveniens grounds

> the calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . [and such a clause is] given controlling weight in all but the most exceptional cases.

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 63 (2013).

-7-

Plainly, plaintiff's claims under Massachusetts and Portuguese Law are related to the employment agreements she executed with Grand Circle.  For instance, a determination of whether Moreira is an independent contractor and subsequent resolution of her other claims will necessarily involve reference to her employment agreements.  Moreover, the defendant has failed to establish that Portugal is an adequate alternative forum or that considerations of convenience and judicial efficiency strongly favor litigating there. <u>Hananel</u>, 510 F.3d at 52.  Moreira has filed this case in federal court in Massachusetts in accordance with the forum selection clause and the Court finds no reason to disturb her choice or any exceptional circumstances to warrant dismissal on <u>forum non conviens</u> grounds.

**ORDER**

For the foregoing reasons, the defendants motion to dismiss (Docket No. 7) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated August 13, 2020